## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRY BINKLEY,** | : | **CIVIL NO. 1:CV-10-01245** |
| | : | |
| **Plaintiff** | : | **(Judge Rambo)** |
| | : | |
| **v.** | : | |
| | : | |
| **GOVERNOR EDWARD RENDELL,** | : | |
| ***et al.*,** | : | |
| | : | |
| **Defendants** | : | |

## M E M O R A N D U M

## I.    Background

Plaintiff Terry Binkley, an inmate currently incarcerated at the State

Correctional Institution in Dallas, Pennsylvania ("SCI-Dallas"), commenced this civil

rights action with a complaint filed on June 14, 2010 (Doc. 1), as amended on April 2,

2012 (Doc. 52), pursuant to the provisions of 42 U.S.C. § 1983.  In his amended

complaint, Plaintiff makes several allegations about the conditions at SCI-Dallas.

By order dated April 4, 2012, the court directed service of the amended

complaint on Defendant Keefe Group, Inc.  (Doc. 53.)  On May 2, 2012, Defendant

Keefe Group, Inc. filed a motion to dismiss the amended complaint, (Doc. 56),

followed by a supporting brief on May 16, 2012 (Doc. 61).  Pursuant to M.D. Pa.

Local Rule 7.6,[1] Plaintiff had fourteen (14) days from the service of Defendant Keefe Group, Inc.'s motion and brief to file a brief in opposition to the motion. Within that time period, Plaintiff failed to file any opposition or seek an extension of time in which to do so. As a result, by order dated June 7, 2012, the court directed Plaintiff to file a brief in opposition to the motion to dismiss on or before June 21, 2012. (Doc. 66.) The order also forewarned Plaintiff that if he failed to oppose the motion within that time period allotted by the court, the court would grant the motion to dismiss without a merits analysis. *See* M.D. Pa. Local Rule 7.6; *Stackhouse v. Mazurkiewicz,* 951 F.2d 29, 30 (3d Cir. 1991).

To date, Plaintiff has failed to file any opposition. Although his brief in opposition to the pending motion to dismiss is now overdue, he has neither made the appropriate filing nor requested an extension of time in which to do so. Therefore, for the reasons set forth below, Defendant Keefe Group, Inc.'s motion to dismiss will be deemed unopposed and granted without a merits analysis and Plaintiff's amended complaint will be dismissed with prejudice as to Defendant Keefe Group, Inc. for

---

[1] Local Rule 7.6 provides that a party opposing a motion must file a brief in opposition to the motion within fourteen (14) days, and that if the opposition is not filed within the required time, he or she will be deemed not to oppose the moving party's motion.

failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).

## II.   <u>Discussion</u>

Generally, a dispositive motion may not be granted merely because it is unopposed, because Local Rules of Court must be "construed and applied in a manner consistent with the Federal Rules of Civil Procedure." *Anchorage Assoc. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 174 (3d Cir. 1990) (the disposition of an unopposed motion ordinarily requires a merits analysis).  However, when a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 529 (1962).  In *Link*, the Supreme Court stated:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. [footnote omitted] The power to invoke this sanction is necessary in order to prevent undue delays in disposition of pending cases and to avoid congestion in the calendars of the District Courts.  The power is of ancient origin, having its roots in judgments of nonsuit and non prosequitur entered at common law . . . .  It has been expressly recognized in Federal Rule of Civil Procedure 41(b) . . . .

*Id.* at 629-30.

The Third Circuit Court of Appeals held in *Stackhouse* that a district court should not dismiss a civil rights complaint brought by a former prisoner for failure to comply with a local rule requiring a response to a dispositive motion without examining the merits of the complaint.  *Stackhouse*, 951 F.2d at 30.  However, in reaching this holding, the Court of Appeals did not vitiate the Supreme Court's decision in *Link*, Rule 41(b) of the Federal Rules of Civil Procedure, or the inherent power of the district court to impose the sanction of dismissal for failing to comply with a court order.  Instead, the Court of Appeals specifically stated:

> In reaching our result, we do not suggest that the district court may never rely on the local rule to treat a motion to dismiss as unopposed and subject to dismissal without a merits analysis.  There may be some cases where failure of a party to oppose a motion will indicate that the motion is in fact not opposed, particularly if the party is represented by an attorney and in that situation the rule may be appropriately invoked.  *Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked*.

*Stackhouse*, 951 F.2d at 30 (emphasis added).  Further, in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the Court of Appeals identified six factors that are appropriate to consider before dismissing a case for the plaintiff's late filing of a pretrial statement: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party

4

or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.   However, as stated by the Court of Appeals in a later case,

> *Poulis* did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation easily reviewed by this Court.  As we have already recognized, not all of the *Poulis* factors need be satisfied in order to dismiss a complaint.  Instead, the decision must be made in the context of the district court's extended contact with the litigant.  Ultimately, the decision to dismiss constitutes an exercise of the district court judge's discretion and must be given great deference by this Court - a court which has had no direct contact with the litigants and whose orders, calendar, docket and authority have not been violated or disrupted.

*Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) (internal citations omitted).

In the instant case, Plaintiff was advised of the requirements of Local Rule 7.6 in the Standing Practice Order issued in this case on June 15, 2010.  (Doc. 5.)  Further, he specifically was directed to comply with Local Rule 7.6 in the court's June 7, 2012 order directing him to file his opposition brief, and was warned of the consequences of failing to timely file his opposition in the latter order.  The court finds that Plaintiff's dilatoriness outweighs any of the other considerations set forth in *Poulis*. Accordingly, the court will deem the pending motion to dismiss unopposed and grant the motion and dismiss the amended complaint as to Defendant Keefe Group, Inc.

pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and for failure to comply with a court order.

     An appropriate order will issue.

                                s/Sylvia H. Rambo
                                United States District Judge

Dated:  June 28, 2012.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRY BINKLEY,** | : | **CIVIL NO. 1:CV-10-01245** |
| | : | |
| **Plaintiff** | : | **(Judge Rambo)** |
| | : | |
| **v.** | : | |
| | : | |
| **GOVERNOR EDWARD RENDELL,** | : | |
| *et al.*, | : | |
| | : | |
| **Defendants** | : | |

### O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY**

**ORDERED THAT**:

1) The unopposed motion to dismiss (Doc. 56) filed on behalf of Defendant

Keefe Group, Inc. is **GRANTED**.

2) The amended complaint (Doc. 52) is **DISMISSED** with prejudice as to

Defendant Keefe Group, Inc. pursuant to Federal Rule of Civil Procedure 41(b) for

failure to prosecute and failure to comply with a court order.

3) The Clerk of Court is directed to terminate Defendant Keefe Group, Inc. as a

party in this action.

4) Any appeal from this order will be deemed frivolous, without probable cause, and not taken in good faith.

s/Sylvia H. Rambo
United States District Judge

Dated:  June 28, 2012.