IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRY BINKLEY,** | : | **CIVIL NO. 1:CV-10-01245** |
| Plaintiff | : | |
| | : | **(Judge Rambo)** |
| v. | : | |
| **MICK BREUNINGER,** *Unit Manager of F Block;* and **CAPTAIN ZACKARACKIS,** *Captain of Security,* | : | |
| Defendants | : | |

# <u>M E M O R A N D U M</u>

Before the court is Plaintiff's motion in limine to preclude the presentation of evidence of any misconduct reports involving Plaintiff, Terry Binkley, past crimes of inmate witnesses, and convictions of Binkley. The motion has been briefed and is ripe for disposition. For the reasons stated below, the motion will be granted in part and denied in part.

## I. <u>Background</u>

Binkley is incarcerated in the State Correctional Institution at Dallas, Pennsylvania and was so incarcerated on July 20, 2009. Binkley was assaulted by his cell mate, Scott Sechrist, on July 20, 2009. Binkley claims that Defendants Breuninger and Zackarackis were aware that Sechrist had a history of assaultive behavior and that his placement in a cell with Sechrist posed an excessive risk of harm to him and that Defendants were aware of that risk. After Binkley was assaulted by Sechrist, he filed a complaint pursuant to 42 U.S.C. § 1983 alleging a violation of his Eighth Amendment right.

**II.      Discussion**

      **A.      Misconduct Proceedings**

Binkley claims that any misconduct reports unrelated to the incident of July 20, 2009 are irrelevant under Federal Rule of Civil Procedure 401 and inadmissible under Federal Rules of Civil Procedure 402 and 403.  This court agrees that the misconduct reports against Binkley and any of his witnesses are irrelevant and the introduction of the reports would likely cause confusion of the issues in this case and undue trial delay.  The motion will be granted on this issue.

      **B.  Past Crimes of Inmate Witnesses**

In determining whether or not to preclude past criminal conduct of witnesses, this court must weigh the considerations addressed by Federal Rules of Evidence 609 and 403, i.e. balancing the probative value of the past criminal conduct with the prejudicial affect on the trial proceedings.  It is without doubt that credibility is an important issue in this case.  The purpose of Federal Rule of Evidence 609 is its availability for impeaching witnesses with the fact of prior felony convictions.  Evidence that may be probative, however, may also be prejudicial.  In *Coleman v. Home Depot, Inc.*, 306 F.3d 1333 (3d Cir. 2002), the court stated that "the prejudicial effect of admitting the evidence must rise to the level of creating an unfair advantage for one of the parties for the evidence to be excluded under Rule 403." *Id.* at 1343 n.6.

Both potential witnesses of Binkley are incarcerated for first degree murder and are serving life sentences.  This past criminal history is highly prejudicial.  However, the following question can be presented to the witnesses as follows: "On [date], were you not convicted of a felony for which you received a sentence exceeding one year and for which you are still serving?"  Any reference to murder will be precluded.  There will be no inquiry into the facts of the crimes.

### C. Past Criminal History of Binkley

The aforesaid discussion regarding the balancing of Federal Rules of Evidence 609 and 403 apply here.  The crimes of endangering the welfare of a child and sexual abuse of a child are prejudicial.  However, the inquiry can be adjusted as follows: "On [date], were you not convicted of various assault charges which included aggrevated indecent assault and sexual assaults and were you sentenced to a term of [length of term]?"  There will be no inquiry into the facts of the crimes.

## III.     Conclusion

For the reasons stated above, Binkley's motion in limine will be granted in part and denied in part.  An appropriate order will be issued.

                                                  s/Sylvia H. Rambo
                                              United States District Judge

Dated:  March 31, 2014.